Nash, C. J.
 

 We concur in opinion with his Honor who tried the cause. The plaintiff was indebted to the defendant for the purchase of a saw-mill; the price to be paid in the notes of the defendant, which the plaintiff was to take up. The plaintiff took up notes of the defendant which were delivered to him, to an amount which left still due, and unpaid, the sum of $1,510, for which the plaintiff gave his note, or bond, in double the amount, conditioned to be void if the plaintiff should pay up a certain note of the defendant then in the hands of the clerk and master in Equity of Wayne county, which was represented by the defendant to be for $1,510, or
 
 thereabout.
 
 This note, or bond, had been given by the defendant upon the sale of the same saw-mill, and which had been sold under a decree of the Court of Equity of Wayne county, and was not due at the time plaintiff executed his bond. When the plaintiff paid off this bond, he found it w’as larger in amount, in consequence of the accruing interest, than Avhat it Avas represented to be by the defendant. The action is brought to recover damages for the alleged false representation of the defendant, as he must have knoAvn the amount of the bond given by himself.
 

 An action of deceit Avill not lie for a false and fraudulent misrepresentation, if the plaintiff, by reasonable diligence, could have informed himself of the truth of the matter. If he could haAe ascertained the truth by reasonable diligence, it Avas his OAA’n folly to trust to the representation made. Judge Kent,
 
 *74
 
 in. the 2d volume of his Commentaries, p. 487, in speaking of frauds in sales, says, the true rule is “if a seller misrepresent the quality of the thing sold, in some particulars, in which the buyer has not equal means of knowledge with himself, or if he do so in such a manner as to induce the buyer to forbear making the inquiry which, for his own security, he otherwise would have done, he is liable.” In
 
 Fagan
 
 v.
 
 Newson,
 
 1 Dev. Rep. 20, Chief-Justice Taylor says, “the misrepresentation must lie of a kind, the falsehood of which was not readily open to the other party.”
 

 Test this case by these principles. The contract was made in the town of Goldsborough, where the court house was situated, in which the Court of Equity for the county was held, and where its records were kept, and he was told the bond was there. He was further put upon his guard by the information, not that the amount of the bond was $1,510, but that it was that amount, or
 
 thereabout.
 
 By going a few steps, it was in the power of the plaintiff to have ascertained the true amount of the bond in principal and interest; in not doing so he took upon himself the responsibility of the correctness of the defendant’s representation; the means of ascertaining the act were open to him equally with the defendant.
 

 Upon the point reserved, the court rendered judgment of nonsuit against the plaintiff; in this there is no error, and the judgment is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.